UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO

DAVID A. QUINTANA                                                 PLAINTIFF

v.                                         CIVIL ACTION NO. 4:18-CV-P95-JHM

JASON WOOSLEY *et al.*                                     DEFENDANTS

## MEMORANDUM OPINION

This is a *pro se* civil rights action brought by a pretrial detainee pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff David A. Quintana leave to proceed *in forma pauperis*. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, this action will be dismissed.

### I. SUMMARY OF COMPLAINT[1]

Plaintiff is incarcerated as a pretrial detainee at the Grayson County Detention Center (GCDC). He brings this action against GCDC Jailer Jason Woosley, in both his official and individual capacities, and the "medical staff" at GCDC.

In the complaint, Plaintiff writes as follows:

On or about Oct. 19, 2017 as a federal pretrial detainee while laying on the floor at [GCDC] Plaintiff was bit by a brown spider with a mark near its head. Plaintiff contacted the staff through medical request word of mouth and it took about a week before staff looked into Plaintiff medical complaint wich at this time violated Plaintiff's United States Constitutional Rights (Eighth Amendment - Cruel and Unusual Punishment and Fourteenth Amendment Due Process) but this time what seemed to be a skin ulcer has got bigger. They started that Plaintiff on antibiotics that did not help. Plaintiff continued to complain and exhaust all remedies. So GCDC continued with shots of antibiotic continue to get larger and pain was beginning to be untolerable. About two weeks has passed and Plaintiff was seen by a outside doctor that come to GCDC to look at Plaintiff skin ulcer and at that

---

[1] The complaint was actually completed and signed by two parties – Plaintiff and Perry Shananaquet. However, because the claims brought by Mr. Shananaquet were improperly joined, the Court entered a Memorandum and Order severing the claims brought by Mr. Shananaquet and directing that a separate civil action be opened to address his claims (DN 10). The newly opened civil action is *Shananaquet v. Woosley et al.*, No. 4:18-cv-111-JHM.

time Doctor lanced the ulcer and what seemed to be infected and was taken out through the procedure. Getting bit by a spider has caused mental anguish and caused Plaintiff to have symptoms of arentiaphobia everytime a spider is seen. Being bit by this spider and with the GCDC acting under the color of law (which is a federal offence to deprive or conspire to deprive a person from ther constitatinal right) has now injured me and have created bodily injury physical damage to a person body by allowing this spider bite to cause a deep skin ulcer that is possibly fetal. I pray that all executive administrators see fits for this 1983 pro-se to be accepted in the courts and that the responsible is held accountable for their actions.

As relief, Plaintiff seeks monetary damages.

## II. LEGAL STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting

*Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

The Sixth Circuit has historically analyzed Fourteenth Amendment pretrial detainee claims and Eighth Amendment prisoner claims "under the same rubric." *Villegas v. Metro. Gov't of Nashville*, 709 F.3d 563, 568 (6th Cir. 2013).[2] "[A] prisoner's Eighth Amendment right is violated when prison doctors or officials are deliberately indifferent to the prisoner's serious medical needs." *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001) (citing *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). A deliberate indifference claim "has both objective and subjective components." *Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2011). The Sixth Circuit has explained the standard as follows:

> The objective component mandates a sufficiently serious medical need. [*Blackmore v. Kalamazoo Cty.*, 390 F.3d 890, 895 (6th Cir. 2004).] The subjective component regards prison officials' state of mind. *Id*. Deliberate indifference "entails something more than mere negligence, but can be satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id*. at 895-96 (internal quotation marks and citations omitted). The prison official must "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. at 896 (internal quotation marks and citation omitted).

*Barnett v. Luttrell*, 414 F. App'x 784, 787-88 (6th Cir. 2011).

The Sixth Circuit has also noted that in the context of deliberate indifference claims:

> [W]e distinguish between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment. Where a prisoner alleges only that the medical care he received

---

[2] The Sixth Circuit recently observed that the standard which governs pretrial detainee Fourteenth Amendment claims may be shifting. In a footnote in *Richmond v. Huq*, the court cited the Supreme Court's decision in *Kingsley v. Hendrickson*, 135 S. Ct. 2466 (2015), which held that a pretrial detainee's Fourteenth Amendment excessive force claim need only meet a lesser "objectively unreasonable" standard under the Fourteenth Amendment. 885 F.3d 928, 838 n.3 (6th Cir. 2018). The *Huq* court stated that *Kingsley* "calls into serious doubt whether [a plaintiff] need even show that the individual-defendant officials were subjectively aware of [the plaintiff's] serious medical condition and nonetheless wantonly disregarded them." *Id*. However, the *Huq* Court also noted that it could find no circuit that had yet applied *Kingsley* specifically to a deliberate indifference to a detainee's serious medical needs claim. *Id*. Thus, for purpose of this initial review, this Court will continue to apply Sixth Circuit precedent setting forth a subjective standard for cases involving a claim based upon deliberate indifference to a pretrial detainee's serious medical needs. *See, e.g.*, *Brandt v. Raphael*, No. 9:13-cv-00533 (FJS/DJS), 2016 U.S. Dist. LEXIS 40451, at *23 n.7 (N.D.N.Y. Mar. 25, 2016) ("As the decision in *Kingsley* deals only with excessive-force claims, this Court continues to apply Second Circuit precedent setting forth a subjective standard for cases involving allegations of deliberate indifferent to a pretrial detainees serious medical needs, which is identical to the standard utilized in Fourteenth Amendment cases.")

> was inadequate, federal courts are generally reluctant to second guess medical judgments. However, it is possible for medical treatment to be so woefully inadequate as to amount to no treatment at all.

*Alspaugh*, 643 F.3d at 169 (internal quotations and citations omitted).

The Court will assume, for purposes of this initial review, that Plaintiff's alleged spider bite rises to the level of an objectively serious medical condition. However, Plaintiff's claim nonetheless fails because his allegations do not indicate that any official was deliberately indifferent to this medical need. Plaintiff's main complaint seems to be that medical officials did not provide treatment for his spider bite until one week after he let them know about the bite through "word of mouth." However, "a short delay by itself in administering medical treatment - even an unexplained delay - is not enough to demonstrate deliberate indifference to a defendant's medical needs, but instead evinces negligence." *See Barner v. Mackie*, No. 17-1608, 2017 U.S. App. LEXIS 22082, at *7 (6th Cir. 2017) (citing *Santiago v. Ringle*, 734 F.3d 585, 592-93 (6th Cir. 2013)); *see also Hood v. Johns*, No. 5:11-CT-3072-FL, 2012 U.S. Dist. LEXIS 125832, at *10-11 (E.D.N.C. Sept. 5, 2012) (granting summary judgment against a plaintiff who asserted that defendant prison guards had promised him treatment for a brown recluse spider bite because in the absence of any evidence suggesting that the guards "purposely denied or delayed his treatment," a one-week delay in obtaining treatment "at most, amounts to negligence, which does not state a constitutional claim"). Moreover, Plaintiff alleges that once he was seen by medical officials, he received antibiotics on at least two occasions and that, within two more weeks, he was seen by a doctor who lanced the allegedly infected area around the bite. Finally, Plaintiff does not indicate that he had any further physical complications from the bite following this procedure. Thus, because Plaintiff's allegations do not suggest that any official subjectively perceived a serious risk of harm to Plaintiff and then disregarded it, the Court finds that Plaintiff's complaint fails to state a claim upon which relief may be granted.

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss this action by separate Order.

Date: July 19, 2018

Joseph H. McKinley, Jr., Chief Judge
United States District Court

cc: Plaintiff, *pro se*
Defendants
Grayson County Attorney
4414.011